IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PATRICIA MARKEY**                                                                                      **PLAINTIFF**

**v.**                                                                           **CIVIL NO. 3:15-cv-743-DPJ-JCG**

**COMMISSIONER OF SOCIAL**                                                              **DEFENDANT**
**SECURITY**

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Patricia Markey seeks judicial review of a final administrative decision of the Commissioner of the Social Security Administration. An Administrative Law Judge (ALJ) denied Plaintiff Disability Insurance Benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Because the ALJ's decision is supported by substantial evidence and in accord with relevant legal standards, the undersigned United States Magistrate Judge recommends that the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 16) be granted.

## I.  BACKGROUND

On June 18, 2013, Plaintiff filed claims for SSI and DIB, alleging disability beginning June 1, 2012, due to severe depression, a heart condition, chest pains, headaches, muscle spasms, and numbness in her right hand. (ECF No. 14, at 16, 60-61). Plaintiff subsequently amended her onset date to January 1, 2013. *Id.* at 17. She was 59 years old at the time of her amended onset date. *Id.* at 152, 157.

Plaintiff has a high school education and is able to communicate in English. *Id.* at 17. Plaintiff has past relevant work experience as a cleaner/housekeeper, fast food worker, cooks helper, poultry worker, and machine operator. *Id.* at 56.

Plaintiff's claims were denied initially on December 4, 2013, and upon reconsideration on April 28, 2014. *Id.* at 17. Plaintiff requested a hearing before an ALJ, which was held on January 13, 2015. *Id.* at 38. Plaintiff appeared in Meridian, Mississippi, and the ALJ presided over the hearing from Hattiesburg, Mississippi. *Id.* at 16. Plaintiff testified at the hearing, and a vocational expert (VE) testified via video. *Id.* at 38-59. Plaintiff was represented by counsel. *Id.* at 16.

On May 14, 2015, the ALJ issued a decision finding Plaintiff not disabled. (ECF No. 14, at 16-33). The ALJ analyzed Plaintiff's claims pursuant to the five-step sequential evaluation process found at 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).1 At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (ECF No. 14, at 19). At step two, the ALJ found that Plaintiff had the following severe impairments:

---

1 The claimant has the burden of proving she has a medically determinable physical or mental impairment lasting at least twelve months that prevents her from engaging in substantial gainful activity. *See* 42 U.S.C. § 423(d)(1)(A). The ALJ uses a five-step sequential process to evaluate claims of disability and decides whether: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in Appendix 1 of the Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

hypertension, hyperlipidemia, chronic obstructive pulmonary disease, osteoarthritis, affective disorder, and anxiety. *Id.* at 19. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment found at 20 C.F.R., pt. 404, Subpt. P, App. 1. *Id.* at 20.

The ALJ determined that Plaintiff's subjective complaints were not fully credible. *Id.* at 26, 29. The ALJ concluded that Plaintiff retained the residual functional capacity (RFC) for light unskilled work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except Plaintiff could not climb ladders, ropes, or scaffolds; and she was capable of occasionally interacting with the public and supervisors with occasional change in a routine work setting. *Id.* at 22.

Based on the RFC, the ALJ found at step four that Plaintiff could perform "past relevant work as a housekeeping/cleaner as it [is] generally performed in the national economy." *Id.* at 31. The ALJ concluded that Plaintiff was not disabled from June 1, 2012, through May 14, 2015, the date of the ALJ's decision. *Id.*

On August 20, 2015, the Appeals Council denied Plaintiff's request for further review, thus making the ALJ's decision the final decision of the Commissioner. *Id.* at 5. Having exhausted administrative remedies, Plaintiff filed the instant action on October 14, 2015. (ECF No. 1).

## II. DISCUSSION

A. Judicial Review

Review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence on the record as a whole to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Falco v. Shalala,* 27 F.3d 160, 163 (5th Cir. 1994). "'[S]ubstantial evidence' is less than a preponderance but more than a scintilla." *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales,* 402 U.S. at 401 (quoting *Consol. Edison v. NLRB,* 305 U.S. 197, 229 (1938)). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988)(quoting *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983)).

Conflicts in the evidence are for the Commissioner to resolve. If the Commissioner's factual findings are supported by substantial evidence, they are conclusive and must be affirmed. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against the [Commissioner's] decision. *Bowling,* 36 F.3d at 434.

4

B.  Analysis of Issues Presented for Review

Plaintiff challenges the ALJ's step four finding that Plaintiff was capable of performing past relevant work as a cleaner/housekeeper. (ECF No. 15, at 1). According to Plaintiff, the ALJ's decision should be reversed and remanded because the requirements for cleaner/housekeeper in the Dictionary of Occupational Titles (DOT) exceed the ALJ's RFC finding, and the ALJ did not explain her reasons for deviating from the DOT. *Id.*

The DOT description of "Cleaner, Housekeeping (any industry), describes the position as follows:

> Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) I Master Title. May be designated according to type of establishment cleaned as Beauty Parlor Cleaner (personal ser.); Motel Cleaner (hotel & rest.); or according to area cleaned as Sleeping Room Cleaner (hotel & rest.).

DOT No. 323.687-014.

According to Plaintiff, because the DOT states that a cleaner/housekeeper "hangs drapes," the ALJ erred in finding that Plaintiff could perform this position. (ECF No. 15, at 5). This is so, posits Plaintiff, because the activity of hanging drapes is in conflict with the ALJ's RFC finding that Plaintiff "cannot climb ladders, ropes,

5

or scaffolds," noting that Plaintiff is 5'7." *Id*. Plaintiff concludes that the ALJ erred because "the discrepancy between the DOT description of the job the ALJ relied upon to deny benefits and her RFC finding was not acknowledged, or discussed, by the ALJ." *Id.* at 6.

The DOT is published by the Department of Labor and classifies occupations based upon general education development in mathematics, literacy, and reasoning. DOT Appendix C, Section III, 1991 WL 688702. The Social Security Administration takes administrative notice of reliable job information available from various governmental and other publications, including the DOT. 20 C.F.R. § 404.1566(d). Social Security Ruling 00-4p provides that occupational evidence provided by a VE "generally should be consistent with the occupational information supplied by the [DOT], and that, in the face of an "apparent, unresolved conflict," the ALJ must elicit a reasonable explanation before relying on the VE's testimony. SSR 004-p, 2000 WL 1898704, *2 (S.S.A. Dec. 4, 2000).

"[T]he DOT job descriptions should not be given a role that is exclusive of the more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job." *Carey v. Apfel,* 230 F.3d 131, 145 (5th Cir. 2000). "[T]he categorical requirements listed in the DOT do not and cannot satisfactorily answer every [ ] situation." *Id.* at 146.

Here, the ALJ found restrictions that prevented Plaintiff from performing a full range of light work. To determine the extent to which Plaintiff's restrictions

6

eroded the occupational base, the ALJ relied on the testimony of a VE who testified that a hypothetical individual of the same age, education, and work history as Plaintiff, with her limitations, could perform Plaintiff's past relevant work as a cleaner/housekeeper as that position was generally performed in the national economy. (ECF No. 14, at 31, 56-57). The ALJ posed a hypothetical question to the VE which included the limitations found by the ALJ, including the limitation that Plaintiff could not climb ladders, ropes, or scaffolds. The VE testified that, in light of the impairments found by the ALJ, Plaintiff could perform her past relevant work of cleaner/housekeeper. The ALJ specifically asked the VE whether his testimony was consistent with the DOT, and the VE stated yes. (ECF No. 14, at 57).

Plaintiff had an opportunity at the administrative hearing to cross-examine the VE regarding any perceived inconsistency with the DOT, but Plaintiff opted not to do so. Plaintiff's counsel asked two questions when cross-examining the VE, neither concerning a conflict with the DOT or the hanging of drapes or the erosion of the occupational base if Plaintiff could not hang drapes. *Id.* at 57-58. Plaintiff's failure to raise the issue of a perceived conflict with the DOT deprived the ALJ from addressing and exploring it. Thus, there was no "apparent" conflict. Fifth Circuit law is clear that "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development

7

in the administrative hearing." *Carey*, 230 F.3d at 146-47. For this reason, Plaintiff's contention that the ALJ reversibly erred should be rejected. *Id.*; *see Barratt v. Astrue,* No. 07-51067, 2008 WL 2325636, *2 (5th Cir. June 6, 2008). "[W]here a vocational expert's 'unchallenged testimony' indicates that the claimant can perform the jobs identified, the ALJ is entitled to rely upon that testimony despite any conflict with the DOT." *Hernandez v. Astrue,* 278 F. App'x 333, 339 (5th Cir. 2008).

The VE's testimony constitutes substantial evidence supporting the ALJ's step four finding, and the Commissioner's decision should be affirmed.

### III.   RECOMMENDATION

For the reasons stated, it is recommended that the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 16) be granted and this case dismissed.

### IV.   NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 6th day of January, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE